**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA N. BISONG, | No. 17-73374 |
| Petitioner, | Agency No. A209-869-733 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2020[**]
San Francisco, California

Before: WALLACE, GRABER, and COLLINS, Circuit Judges.

Petitioner Laura Ndia Bisong seeks review of the Board of Immigration

Appeals' ("BIA") final order affirming the immigration judge's ("IJ") denial of her

requests for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT"). We deny the petition.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1. Before the BIA, Petitioner did not challenge the IJ's denial of her claims for withholding of removal and CAT relief. The BIA, therefore, did not address those issues. Because Petitioner did not exhaust her administrative remedies for those claims, we lack jurisdiction to consider them. See Barron v. Ashcroft, 358 F.3d 674, 677–78 (9th Cir. 2004) (holding that the court lacks jurisdiction to review claims not presented to the agency).

2. Substantial evidence supports the BIA's determination that the IJ's adverse credibility finding was not clearly erroneous. See Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010) (stating standard). Petitioner testified inconsistently about whether she "took" the photographs of the demonstrations or, instead, merely received them from friends. That is not a minor or collateral detail. Petitioner's asylum claim is predicated on her allegation that she was assaulted by police because she took pictures of police misconduct on her cell phone. She testified that the police officers admitted to punishing her for "taking these pictures." And, in her I-589 asylum application, Petitioner stated that her taking pictures of French-speaking police "raping girls, beating people in the street, and burning people's houses" was the reason why the police beat, raped, and arrested her. Taking a photograph suggests a closer nexus between Petitioner and the demonstrations and, correspondingly, a greater risk of persecution. Because this

inconsistency was probative of Petitioner's veracity about "events central to [her] version of why [she] was persecuted," substantial evidence supports the IJ's adverse credibility determination, which the BIA affirmed. See Singh v. Gonzales, 439 F.3d 1100, 1108 (9th Cir. 2006), overruled on other grounds by Maldonado v. Lynch, 786 F.3d 1155 (9th Cir. 2015) (en banc); see also Shrestha, 590 F.3d at 1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

Moreover, Petitioner had notice and an opportunity to explain the inconsistency. See Ren v. Holder, 648 F.3d 1079, 1092 n.14 (9th Cir. 2011) (noting that the agency must advise a petitioner that her credibility is questionable and give her an opportunity to explain before relying on an inconsistency to support an adverse credibility determination). But Petitioner's only response, both at her hearing before the IJ and here, has been to deny that she testified that she took the pictures herself. The BIA properly considered Petitioner's explanation before making its decision. Petitioner's explanation does not compel a contrary finding. 8 U.S.C. § 1252(b)(4)(B).

We must uphold an adverse credibility determination "so long as even one basis is supported by substantial evidence." Rizk v. Holder, 629 F.3d 1083, 1088

3

(9th Cir. 2011). Petitioner failed to establish that "any reasonable adjudicator would be compelled" to disagree with the adverse credibility determination premised on Petitioner's inconsistency regarding how she obtained the photographs. 8 U.S.C. § 1252(b)(4)(B).

**Petition DENIED**.